United States District Court
Northern District of New York
_____ X

Na'imabdull Savastano,
    (plaintiff)


V.

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 05 2017
AT_____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

Amended Complaint

Doc #9: 17-CV-0364
(TJM/DEP)

Superintendent. D. LeClair, Commissioner Anthony Annucci,
Chaplain D. Wilder
        (Defendants)
_____ X

<u>Plaintiff, as and for a First Cause of Action</u>

## Facts

1. Plaintiff, Pro Se, Na'imabdull Savastano is incarcerated at Franklyn Correctional Facility, a medium Security Prison. In the custody of the New York State Department of Corrections and Community Supervision (Doccs)

2. Plaintiff is a religious Muslim. That all the religious festivals and rules are very important to him.

3. Franklyn Correctional Facility is a prison with over 90 muslim inmates.

4. That at Franklin Correctional Facility there is no specific Halal (or Islamic) menu.

5. That all Franklin Correctional Facility offers is a Veget-

arian Islamic meal.

6. That Franklin Correctional Facility does not have an Islamic Leader or Imam for the over 90 Islamic (muslim) inmates.

7. That at Franklin Correctional Facility the Islamic Community is lead by a non believer or a non muslim.

8. That Chaplain Wilder is the Chaplain assigned to the Islamic inmate community at Franklin Correctional Facility.

9. Upon information and belief Chaplain Wilder is a Roman Catholic and not qualified to be a Muslim chaplain or Imam.

10. That Franklin Correctional Facility and Chaplain Wilder have failed to appoint or transfer a qualified Islamic Facilitator. (or leader) - Imam.

11. That Franklin Correctional Facility and Chaplain Wilder have failed to appoint Plaintiff as the muslim Facilitator in spite of the fact that Plaintiff is eminently qualified to be a Muslim Facilitator.

12. That since the muslim Community and Plaintiff have been denied a qualified Islamic Facilitator and therefore denied their rights to practice their religion. That Chaplin Wilder makes decisions for the muslim inmates.

13. That no Halal foods are sold at the Franklin Facility Commissary.

14. That a non muslim is not permitted to be the chaplain or Religous leader.

15. That Jewish inmates at Franklin Correctional Facility are allowed a Kosher menu and Diet.

16. Plaintiff was Denied Kosher diet because his faith is not Jewish.

17. That out of the Diets avilable the Kosher diet would be permissable.

18. That Chaplain Wilder has told a potential Muslim Convert at Franklin Correctional Facility "that he is Sinning against the Catholic Church". "This is a grave Sin. You must Confess. You are Catholic you should Know this".

19. That Chaplain Wilder can not Seperate his religion from his duties as Chaplain of the Muslim Community.

20. That Chaplain Wilder and Commissioner Annuci along with Superintendent D. LeClair, have enacted rules and interpreted the rules in a way that Islamic inmates can't partake in Rammadan and other Islamic Holidays, and there has been no Imam since approx. November 2016. Also that Chaplin Wilder and Defendants were negligent in the observance of Islamic holidays

21. That all defendants owed Plaintiff a Duty to allow him to practice his Islamic Religion.

22. That all defendants Breached said Duty.

23. That all defendants were reckless, careless, and negligent in creating a hazardous, condition and prevented plaintiff from practicing his religion

24. That defendants were negligent.

25. That defendants were wilful and wanton in their behavior.

26. That defendants were grossly negligent

27. That plaintiff has Sustained Compensation Damages in the Sum of Five million Dollars $

## AS AND FOR A SECOND Cause of Action

28. Plaintiff repeats and reiterates all the facts and

allegations in the first Cause of Action as is Sub-mited herein at length.

29. That Defendants are in charge of muslim inmates at Franklin Correctional Facility, during all applecable times.

30. That all defendants reside and work in Franklin County, State of New York.

31. That Jurisdiction lies in the Northern District of New York, in the United States District Court.

32. That by denying plaintiff Halal Muslim meat and a Halal menu and Halal meats at Commissary and by denying plaintiff the right to be a muslim Facilitator and by denying plaintiff a muslim Imam and Furthermore by making chaplain Wilder a Catholic chaplain in charge of muslim inmates defendants have violated plaintiff's Civil Rights

33. That defendants have violated plaintiffs Civil Rights specifically by violating US Code § 1983; Violation of the First, Fourth, 12th, 13th 14th and 15th Amendments of the U.S. Constution; The prison Litigation Reform Act; the Religous Land Use and institutionalized Persons Act (RLUIPA) and the Religious Freedom Restoration Act (RFRIA)

34. That (RLUIPA) applies to Institutions that recieve Federal funds.

35. That N.Y.S. DOCCS recieve Federal Funds and that N.Y.S. Correctional Facilities.

36. That the beliefs interefered with by Defendants Actions, Decisions, rulings and behavior were Religious in nature and sincerly held by plaintiff.

37. That Denial of Halal meats; Denial of an Islamic

leader or Imam; Denial of plaintiff to be a facilitator is considered central or important to plaintiffs practice of Islam.

38. That this is a question of fact.

39. That the burden on plaintiff was and is substainal.

40. That a substantial burden on religious freedom exists herein because plaintiff must choose between following the precepts of the religion.

41. That Defendants Actions are not trivial.

42. That all administrative remedies have been exhasted

43. Plaintiff repeats and reiterates all the facts and allegations in the First and Second Cause of Action as is set forth at length.

44. As a result of the defendants wilful and wanton behavior defendants have been grossly negligent in failure to accurately train Defendants in the civil Rights of ~~defendants~~ plaintiff.

45. Defendants should be puished and Punitive Damages assessed in the Amount of $75,000,000.00 ($75 million Dollars)

46. That plaintiff has been Damaged in the Sum of Ten million (Dollars) for violations of his civil rights. Wherefor plaintiff requests Five million Dollars on the First Cause of Action and Ten Million Dollars on the Second Cause of Action.

Yours, etc
Naimabdull Savastano
plaintiff Pro SE

Dated: June 28, 2017
Malone, N.Y.
TO: Attorney General of
NYS. Schneiderman

## Verification

Plaintiff Pro. Se verifies and affirms to the truth of the above statements and facts that they are correct to the best of his ability and knowledge and that the signature below is his true signature and that he is familiar with all the facts based upon personal knowledge.

X _Sama [signature in Arabic]_

Naim Abdull Savastano

Sworn to before me this __29th__ day of __Jun__, 2017.

_Lisa Hopkinson_ X
Notary

LISA HOPKINSON
Notary Public, State of New York
No. 01HO6079533
Qualified in Franklin County
Commission Expires October 13, 2018