**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NAIMABDULL SAVASTANO,**

                    **Plaintiff,**                          **Civil Action No.**
                                                            **9:17-CV-0364**
         **v.**                                             **(TJM/DEP)**

**SUPERINTENDENT D. LaCLAIR**
**and CATHOLIC CHAPLAIN D. WILDER,**

                    **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

## I.    INTRODUCTION

This _pro se_ action brought pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a), was referred to the Hon. David E. Peebles, Chief United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).   In his Report and Recommendation dated August 7, 2018, Magistrate Judge Peebles recommends that Defendants' motion to dismiss for failure to prosecute (Dkt. No. 38) be granted and Plaintiff's second amended complaint (Dkt. No. 16) be dismissed.  Rep. Rec., Dkt. No. 44, p. 8.  As noted in Magistrate Judge Peebles's Report and Recommendation, Plaintiff has failed to notify the Court of his change of address despite being advised of his obligation to do so by the Court in decisions dated July 18, 2017 and August 22, 2017.  Both of these

1

decisions specifically advised Plaintiff that he is "required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address" and his "failure to do so will result in the dismissal of his action[.]" Dkt. No. 14 at 8-9; Dkt. No. 23 at 4-5.  No objections to Magistrate Judge Peebles's August 7, 2018 Report and Recommendation [Dkt. No. 44] have been filed, and the time to do so has expired.

## II.    DISCUSSION

After examining the record, the Court has determined that the Report and Recommendation is not subject to attack for plain error or manifest injustice.  In reaching this conclusion, the Court notes that the Report and Recommendation was mailed to Plaintiff at the address he last provided to the Court (Franklin Correctional Facility), and was returned as undeliverable with a mark on the envelope indicating "inmate moved."  The docket also indicates that the Clerks Office sent the Report and Recommendation to Plaintiff at Queensboro Correctional Facility, and it too was returned as undeliverable.  Dkt. No. 46.  For the reasons discussed by Magistrate Judge Peebles in the Report and Recommendation, Plaintiff's failure to provide the Court with a current address is not a sufficient reason to delay adjudication of this matter any longer. *See* Rep. Rec. at 2-8; *see also Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d. Cir. 2009)("Dismissal of a pro se litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'") (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1996)); *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699, 1996 U.S. Dist. LEXIS 4782 (N.D.N.Y.April 10, 1996) ("It is neither feasible nor legally required that the clerks of the district courts undertake

independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties . . . will be conducted principally by mail."); *Dumpson v. Goord*, 2004 U.S. Dist. LEXIS 14317, at *8, 2004 WL 1638183 (W.D.N.Y. July 22, 2004)("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit."); Fed. R. Civ. P. 41(b)(a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court); N.D.N.Y. L. R.41.2(b)( failure to notify the court of a change of address in accordance with Local Rule 10.1(b) may result in the dismissal of any pending action).

## III.    CONCLUSION

For the reasons discussed above, the Court **ACCEPTS and ADOPTS** the Report and Recommendation (Dkt. No. 44) for the reasons stated therein.  Accordingly, Defendants' motion to dismiss for failure to prosecute (Dkt. No. 38) is **GRANTED** and Plaintiff's second amended complaint (Dkt. No. 16) is **DISMISSED** without prejudice.  The Clerk of the Court is respectfully directed to close the file in this matter.

**IT IS SO ORDERED.**

Dated:September 4, 2018

Thomas J. McAvoy
Senior, U.S. District Judge

3